LAND, J.
 

 While defendant company was loading cotton and cotton seed on its boat from the private warehouse of plaintiff, a match was struck in the warehouse by Stephens, a pilot on the boat, and the contents of the warehouse became ignited and were destroyed by fire.
 

 Plaintiff has brought the present action for damages against defendant company on. the theory that Stephens was the master of the boat at the time and was guilty of negligence in setting out the fire in the warehouse.
 

 The defense to plaintiff’s action is twofold: First, that Stephens was not master, but was pilot of the boat, when the fire occurred, and that his acts were not within the scope of his- employment.
 

 Second, that plaintiff as owner of the
 
 *905
 
 warehoúse, was guilty of negligence in that he was present and permitted the match to be struck in the warehouse.
 

 Both of these defenses were sustained by the lower court and plaintiff’s demands were rejected. Plaintiff has appealed.
 

 Plaintiff resides upon the banks of Bceuff river in Franklin parish in this state. He received and forwarded his freight by -steamboat, and for this purpose had erected a warehouse on his property, which was also used without hire by his neighbors for the storage pf freight received or to be consigned by them.
 

 Plaintiff stored in his warehouse all cotton and cotton seed to be shipped by him to various points. The walls of the warehouse were covered with lint, which had been blown into it from plaintiff’s gin through a connecting pipe used to convey cotton seed from the gin into the warehouse.
 

 Defendant company is a commercial partnership, domiciled in the city of New Orleans, and engaged in operating a line of boats on the Mississippi river and its tributary streams, including Bceuff river.
 

 Eugene Carter and Henry M. Carter, members of defendant company, are duly licensed masters, and, when aboard of any of their boats, are accustomed to act as such.
 

 About 4:30 a. m. January 9, 1923, the steamboat, “Muskogee,” owned and operated by defendant company, with Henry M. Carter. in charge as master, arrived at Miason’s Landing on Bceuff river for the purpose of discharging certain freight for that point and loading cotton and cotton seed to be shipped to New Orleans.
 

 The plaintiff opened his warehouse when the boat landed, and the mate was instructed by the master, Henry M. Carter, to load the cotton and cotton seed on the boat. The pilot, James W. Stephens, had gone ashore to meet a friend. As it was not then daylight, three lighted lanterns were brought from the boat to the warehouse. One of these- was handed to plaintiff, another- placed on-a box .in the warehouse, and the third given to Milton Daily, a seed buyer and agent of the Stouthern Cotton Oil Company, who was attending to the weighing of cotton seed to be shipped to his company.
 

 During the course of the weighing of the seed, the lantern held by plaintiff went out, as he stooped to. pick up a pencil which he had dropped. At this point the evidence becomes conflicting as to who asked for the match to relight the lantern, and also as to the manner in which the match had been struck by Stephens.
 

 We concur with the trial judge in his conclusion that it is immaterial whether plaintiff or Daily asked for the match, or whether Stephens, the pilot, who was in the warehouse at the time and furnished the match, struck it against the wall of the warehouse, or whether he struck the. match on the leg of his trousers, and its head flew off against the wall. Plaintiff was the owner of the warehouse. He was present and in full control of the premises. As a reasonable man, he must be presumed to have been aware of the danger which might result from fire through the striking of a match in a warehouse whose walls were covered with highly inflammable lint. As plaintiff failed to take any steps to prevent the lighting of the match in a place so patently subject to fire hazard, he must be held guilty of such degree of negligence, imprudence, and want of care as to bar his right of recovery of damages in the present case, even if Stephens had acted as master of the boat at the time, as contended by plaintiff.
 

 However, the preponderance of the evidence is to the effect that Henry M. Carter, one of the partners, was on the boat and was in charge as master at the time the fire'occurred in the warehouse.
 

 
 *907
 
 In view of the negligence of plaintiff, it does not become necessary for us to pass upon the second ground of defense that Stephens did not act within the scope of his employment.
 

 Judgment affirmed.